IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2019 MAR 11 A 8:40

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| GREGORY JACK ALMOND and TERESA ROBERTS ALMOND<br><br>*Plaintiffs*<br><br>v.<br><br>RANDOLPH COUNTY, ALABAMA; THE RANDOLPH COUNTY COMMISSION; SHERIFF DAVID COFIELD; LARRY CLARK, JR.; BERNARD SHEPPARD; RANDY MOORE; DONNIE STRAIN; KEVIN WALKER; GREG JOHNSON; JIMMY JOHNSON; JEAN DOT; JODY McDANIEL; and NATHANIEL MORROW<br><br>*Defendants* | Case No.<br>3:19-cv-175-SRW<br><br>**Jury Demand** |

## COMPLAINT

COME NOW the plaintiffs, Gregory Jack Almond and Teresa Roberts Almond and file this Complaint alleging and showing unto the Court as follows:

## THE PARTIES

1) Plaintiff Gregory Jack Almond (hereinafter referred to as "Greg") is an adult resident of Randolph County, Alabama.

1

2) Plaintiff Teresa Roberts Almond (hereinafter referred to as "Teresa") is an adult resident of Randolph County, Alabama.

3) Defendant Randolph County, Alabama (hereinafter referred to as "the County") is a governmental entity created pursuant to the laws of the State of Alabama. Its actions as a governmental entity are "state actions" within the meaning of the Fourteenth Amendment to the United States Constitution.

4) Defendant Randolph County Commission (hereinafter referred to as "the Commission") is the governing body of Randolph County pursuant to the Constitution and laws of the State of Alabama. Its actions as a governmental entity are "state actions" within the meaning of the Fourteenth Amendment to the United States Constitution.

5) Defendant Sheriff David Cofield (hereinafter referred to as "Sheriff Cofield") is an adult resident of Randolph County, Alabama. Suit is brought against him in his individual capacity. At all times pertinent to the allegations of this Complaint, Defendant Sheriff Cofield was the Sheriff of Randolph County and the head of the Randolph County Sheriff's Department. The Randolph County Sheriff's Department is an integral part of the State of Alabama, and the actions of its Sheriff are "state actions" within the meaning of the Fourteenth Amendment to the United States Constitution. The actions of Sheriff Cofield alleged herein were taken in response to instructions from and under the direction of the Randolph County

Commission and are attributable to the Randolph County Commission based on general principles of agency.

6) Defendant Larry Clark, Jr., (hereinafter referred to as "Deputy Clark") is an adult resident of Randolph County, Alabama. Suit is brought against him in his individual capacity. At all times pertinent to the allegations of this Complaint, Defendant Deputy Clark was a Deputy Sheriff of the Randolph County Sheriff's Department.

7) Defendant Bernard Sheppard (hereinafter referred to as "Deputy Sheppard") is an adult resident of Randolph County, Alabama. Suit is brought against him in his individual capacity. At all times pertinent to the allegations of this Complaint, Defendant Deputy Sheppard was a Deputy Sheriff of the Randolph County Sheriff's Department.

8) Defendant Randy Moore, (hereinafter referred to as "Deputy Moore") is an adult resident of Randolph County, Alabama. Suit is brought against him in his individual capacity. At all times pertinent to the allegations of this Complaint, Defendant Deputy Moore was a Deputy Sheriff of the Randolph County Sheriff's Department.

9) Defendant Donnie Strain, (hereinafter referred to as "Deputy Strain") is an adult resident of Randolph County, Alabama. Suit is brought against him in his individual capacity. At all times pertinent to the allegations of this Complaint,

Defendant Deputy Strain was a Deputy Sheriff of the Randolph County Sheriff's Department.

10) Defendant Kevin Walker (hereinafter referred to as "Deputy Walker") is an adult resident of Randolph County, Alabama. Suit is brought against him in his individual capacity. At all times pertinent to the allegations of this Complaint, Defendant Deputy Walker was a Deputy Sheriff of the Randolph County Sheriff's Department.

11) Defendant Greg Johnson, (hereinafter referred to as "Deputy G. Johnson") is an adult resident of Randolph County, Alabama. Suit is brought against him in his individual capacity. At all times pertinent to the allegations of this Complaint, Defendant Deputy G. Johnson was a Deputy Sheriff of the Randolph County Sheriff's Department.

12) Defendant Jimmy Johnson, (hereinafter referred to as "Deputy J. Johnson") is an adult resident of Randolph County, Alabama. Suit is brought against him in his individual capacity. At all times pertinent to the allegations of this Complaint, Defendant Deputy J. Johnson was a Deputy Sheriff of the Randolph County Sheriff's Department.

13) Defendant Jean Dot, (hereinafter referred to as "Deputy Dot") is an adult resident of Randolph County, Alabama. Suit is brought against her in her individual capacity. At all times pertinent to the allegations of this Complaint,

Defendant Deputy Dot was a Deputy Sheriff of the Randolph County Sheriff's Department.

14) Defendant Jody McDaniel (hereinafter referred to as "Deputy McDaniel") is an adult resident of Randolph County, Alabama. Suit is brought against him in his individual capacity. At all times pertinent to the allegations of this Complaint, Defendant Deputy McDaniel was a Deputy Sheriff of the Randolph County Sheriff's Department.

15) Defendant Nathaniel Morrow, (hereinafter referred to as "Deputy Morrow") is an adult resident of Randolph County, Alabama. Suit is brought against him in his individual capacity. At all times pertinent to the allegations of this Complaint, Defendant Deputy Morrow was a Deputy Sheriff of the Randolph County Sheriff's Department.

16) Deputy Clark, Deputy Sheppard, Deputy Moore, Deputy Strain, Deputy Walker, Deputy G. Johnson, Deputy J. Johnson, Deputy Dot, Deputy McDaniel, and Deputy Morrow, all named above, are sometimes hereinafter referred to collectively as "the Randolph County Deputies" or "members of the drug task force."

## JURISDICTION

17) This is an action for legal and equitable relief to redress violations of Plaintiffs' constitutional rights. This suit is brought to secure the protection of and to redress the deprivation of rights secured under the Fourth, Fifth, Eighth and

Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 28 U.S.C. §§ 2201 and 2202.

18) Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341(3) and (4) and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the pendant jurisdiction of this Court to herein decide claims arising out of State Law pursuant to 28 U.S.C. § 1367.

19) Venue is proper under 28 U.S.C. §1391 as the events in question occurred in Randolph County, Alabama.

## FACTUAL BACKGROUND

20) On or about the 31st day of January, 2018, Teresa was at the Almond's residence located at 1675 County Road 71, Woodland, Alabama, which is in the rural part of Randolph County, Alabama. At approximately 2:00 p.m., a Deputy of the Randolph County Sheriff's Department arrived at the Almond's home and stated that his purpose there was to serve paperwork related to a civil matter.

21) Teresa informed the Deputy that Greg was not at home but should return in about two hours. Teresa invited the Deputy to return at that time.

22) According to the Deputy's report, he smelled marijuana inside the residence. Based on the deputy's alleged smell, a search warrant was obtained, and

the Sheriff's "Drug Task Force" (hereinafter "the task force") was convened in less than two (2) hours.

23) Later the same afternoon, Greg returned home. Soon thereafter, members of the task force, ascended upon the residence and kicked in the door of the Almond's residence.

24) After kicking in the door, one of the members of the drug task force threw a "shock" explosive device inside the residence. Greg Almond, who was in route to open the door of the residence, was injured when the explosive device blew up at his feet.

25) Both Greg and Teresa were then forcibly thrown to the floor. The house was ransacked. Inside the house, the task force claimed to have found one "roach"/partially smoked marijuana cigarette and one small plant less than one foot tall which members of the task force believed to be marijuana. Outside in a grill, members of the task force discovered a small baggy with a small amount of leafy substance, which they believed to be marijuana. The total amount of marijuana found would have had a street value of $50.00 or less. Possession of said marijuana is a misdemeanor. However, none of the marijuana seized in the raid belonged to either Greg or Teresa.

26) No contraband was found on the person of either Greg or Teresa.

27) Inside the Almond residence were two safes that housed an extensive

collection of over 80 guns, some of which are antiques; approximately $8,000.00 cash; jewelry; and other personal items, including prescription medications. The Almonds were directed to open the safes. Inside the safes, the members of the drug task force claim to have found ONE LUNESTA PILL outside of the bottle in which it had been prescribed. *Lunesta* is a non-narcotic class IV controlled substance prescribed to aid sleep.

28) Greg and Teresa were both arrested and taken to jail. They were detained until the following day at which time they bonded out.

29) The initial arrest report posted online had Greg and Teresa falsely and slanderously charged with manufacturing a controlled substance. These charges were later amended to possession of marijuana, which is a misdemeanor, and possession of a controlled substance (the Lunesta pill), which is a felony.

30) Greg and Teresa have a 27-year-old son who went to the Randolph County Sheriff's Office and confessed that the marijuana belonged to him and did not belong to his parents. Despite that fact, the Randolph County Sheriff's Department continued to pursue prosecution, and the cases were bound over to the August 2018 term of the Grand Jury. No indictment was returned during that Grand Jury session.

31) During the spring 2019 term of Grand Jury in Randolph County, Alabama, the Grand Jury returned indictments against Greg and Teresa, charging

each of them with (a) possession of marijuana in the second degree and (b) possession of drug paraphernalia, both of which charges are misdemeanors.

32) Neither Greg nor Teresa, who have been married for nearly 30 years and are parents and grandparents, have any criminal history or have ever been arrested for anything in their lives prior to this incident.

33) Greg and Teresa have made numerous complaints to the Randolph County Sheriff's Department, but no action was taken.

34) Greg and Teresa allege that after making complaints to the Sheriff's Department, they and their family have been harassed by members of the department.

35) The Almonds are informed and believe and upon such information and belief charge the facts to be that it is the pattern and practice of the Randolph County drug task force and Sheriff's Department to illegally seize property of defendants on misdemeanor offenses and never file civil forfeiture proceedings.

36) Greg and Teresa allege that items of personal property seized from their home were lost, stolen, or otherwise disposed of by members of the Randolph County Sheriff's Department, without Plaintiffs' knowledge or permission.

37) Both Greg and Teresa were deprived of their constitutional rights to due process, to be secure in their person from unreasonable seizure, and to be protected from arrest without probable cause.

38) Because of humiliation and indignities suffered by Greg and Teresa, both are hesitant to go into public places in and around the County of their residence. They have both suffered great embarrassment and humiliation and continue to suffer such embarrassment and humiliation because of the activities of the defendants as described in this Complaint.

39) Both Plaintiffs have suffered, and continue to suffer, physical and mental pain and emotional distress from said injuries and public indignities caused by the Defendants; and they will continue in the future to suffer mental pain and emotional distress from said injuries caused by the Defendants.

40) As a proximate result of the Defendants' conduct, the Plaintiffs' physical injuries and mental and emotional pain and suffering caused by the Defendants have adversely affected the Plaintiffs' home and family life, have impaired and hindered the Plaintiffs in the performance of their accustomed daily activities, and have greatly restricted the Plaintiffs' ability to engage in activities to which they were otherwise accustomed, such as visiting public places.

## COUNT ONE:

**VIOLATION CIVIL RIGHTS UNDER THE FOURTEENTH AMENDMENT AND EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION FOR EXCESSIVE FINES.**

41) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

42) Randolph County, and the Randolph County Commission are entities created pursuant to the laws of the State of Alabama. Actions taken of seizing property by Sheriff Cofield and the members of the drug task force, acting in their official capacity, are actions within the meaning of the Fourteenth and Eighth Amendments to the United States Constitution. Plaintiffs have suffered the damages as herein above alleged.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## COUNT TWO

### VIOLATION OF CIVIL RIGHTS BY DEPRIVATION OF RIGHTS PROVIDED BY THE DUE PROCESS CLAUSES OF FIFTH and FOURTEENTH AMENDMENTS TO THEUNITED STATES CONSTITUTION

43) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

44) In order for property to be taken under the Alabama civil forfeiture statute, CODE OF ALABAMA § 20-2-93, the county must file a civil action to condemn the property. Failure to do so is lack of due process and is unconstitutional in violation and the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs have suffered the damages as hereinabove alleged.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## COUNT THREE

### VIOLATION OF CIVIL RIGHTS BY DEPRIVATION OF RIGHTS PROVIDED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION IN VIOLATION OF 42 U.S.C. 1983

45) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

46) Randolph County and the Randolph County Commission are entities created pursuant to the laws of the State of Alabama. Actions taken by Sheriff Cofield and the Randolph County Deputies acting in their official capacity, are state actions within the meaning of the Fourteenth Amendment to the United States Constitution. Sheriff Cofield and the members of the drug task force are sued individually, and were acting under color of state law. The actions of defendants, constitute a violation of Plaintiffs' civil rights. Plaintiffs have suffered the damages as hereinabove alleged.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## COUNT FOUR

## CONVERSION

47) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

48) A portion of the cash money that was taken from the home of Greg Almond and Teresa Almond was deposited into the general account of the Randolph County Commission, for which a large part of that money remains unaccounted. If this money was seized as evidence, it should have been in the evidence room for inspection and should not have been deposited into the general fund of the Randolph County Commission.

49) The actions of the Defendants as alleged herein constitute conversion.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## COUNT FIVE

## VIOLATION OF CIVIL RIGHTS BY
## USE OF UNNECESSARY AND EXCESSIVE FORCE

50) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

51) The Defendants' actions constitute a violation of Plaintiffs' civil rights in that the said actions constitute the use of excessive force in violation of the Fourth

Amendment to the United States Constitution. It would have been clear to a reasonable law enforcement officer under the same or similar circumstances that use of force to the extent that it was used was inappropriate. As a direct and proximate result of the violations of Plaintiffs' civil rights by the defendants, the Plaintiffs have suffered the damages as herein above alleged.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## COUNT SIX

### ILLEGAL SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

52) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

53) Actions taken by Sheriff Cofield and the members of the drug task force, acting in their official capacity, are state actions within the meaning of the Fourteenth Amendment to the United States Constitution. The actions constitute a violation of Plaintiffs' civil rights in that the said actions constitute the use of excessive force in violation of the Fourth Amendment to the United States Constitution. Plaintiffs have suffered the damages as herein above alleged.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award,

plus attorneys' fees and costs.

## COUNT SEVEN

### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

54) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

55) That these actions constitute negligent hiring, training, and supervision.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## COUNT EIGHT

### MALICIOUS PROSECUTION

56) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

57) That these actions constitute malicious prosecution.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## COUNT NINE

### SLANDER

58) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

59) That these actions constitute slander.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## COUNT TEN

### OUTRAGE

60) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

61) That these actions constitute the tort of outrage.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## COUNT ELEVEN

### DECLARATORY JUDGMENT THAT THE ALABAMA CIVIL FORFEITURE STATUTE, CODE OF ALABAMA § 20-2-93, AS WRITTEN AND APPLIED, IS UNCONSTITUTIONAL

62) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

WHEREFORE, Plaintiffs ask this court to send the issue to the Supreme Court of Alabama as a certified question establishing parameters as to when property may be seized by law enforcement, specifically that civil forfeiture does not apply to misdemeanor drug offenses or drug offenses for personal use.

## COUNT TWELVE

### EMOTIONAL PAIN AND SUFFERING

63) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

64) That Greg Almond and Teresa Almond have suffered emotional pain and suffering as a result of these actions.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## COUNT THIRTEEN

### NEGLIGENCE

65) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

66) That Defendants were negligent in their conduct, resulting in damages to the Plaintiffs.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## COUNT FOURTEEN

### WANTONNESS

67) Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full.

68) That Defendants were wanton in their conduct, resulting in damages to the Plaintiffs.

WHEREFORE, Plaintiffs demands judgment in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus attorneys' fees and costs.

## JURY DEMAND

The plaintiffs demand trial by jury on all issues triable by jury as of right.

Respectfully submitted this 8th day of March, 2019.

*John Michael Segrest*
John Michael Segrest (ASB-8306-H58S)
The Segrest Law Firm
P.O. Box 780791
Tallassee, AL 36078
Telephone: 334-252-0036
Fax: 334-252-0037
Email: Mike.Segrest@SegrestLaw.com

Of Counsel
Heather Newsom Leonard ASB-1152-O61H
Attorney for Plaintiff
Heather Leonard, PC
2105 Devereaux Circle, Suite 111
Birmingham, AL 35243
205-977-5421
Heather@HeatherLeonardPC.com