# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| GREGORY JACK ALMOND and<br>TERESA ROBERTS ALMOND,<br><br>**Plaintiffs,**<br><br>v.<br><br>RANDOLPH COUNTY, ALABAMA;<br>THE RANDOLPH COUNTY<br>COMMISSION; SHERIFF DAVID<br>COFIELD; LARRY CLARK, JR.;<br>BERNARD SHEPPARD; DONNIE<br>STRAIN; GREG JOHNSON; JIMMY<br>JOHNSON; JEAN DOT; JODY<br>MCDANIEL; and, NATHANIEL<br>MORROW<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>) Case No. 3:19-CV-175-SRW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO STAY

**COME NOW** Defendants Randolph County, Alabama; the Randolph County Commission; Sheriff David Cofield; Larry Clark, Jr.; Bernard Sheppard; Donnie Strain; Greg Johnson; Jimmy Johnson; Jean Dot; Jody McDaniel; and, Nathaniel Morrow, by and through counsel Todd A. Brown, of the law firm of Webb & Eley, P.C., and moves this Honorable Court to stay the proceedings in the instant matter. A stay in this matter is appropriate pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny.

## INTRODUCTION

This case arises from the arrest of Plaintiffs Greg and Teresa Almond by members of a drug task force ("DTF") made up of Randolph County Sheriffs deputies and other law enforcement officers assigned to the DTF. This arrest followed the execution of a search warrant during which officers seized a marijuana plant and cigarette, approximately 80 firearms, $8,000 in cash, and

prescription drugs. Their complaint stems from, essentially, the seizure of items during the execution of the search warrant and their prosecution for possessing the contraband items seized during the execution of the same warrant.

## STANDARD OF REVIEW

"[F]ederal courts should abstain from deciding a case when doing so would interfere with a state criminal proceeding." *Beaulieu v. City of Alabaster*, 454 F.3d 1219, 1231 (11th Cir. 2006). The decision to stay is reviewed only for an abuse of discretion. *Id*.

## ARGUMENT

On or about February 22, 2019, an Alabama grand jury indicted Plaintiffs on criminal drug charges in *State v. Gregory Jack Almond*, CC-2019-107.00 (Randolph County, Alabama, Circuit Court) and *State v. Teresa Roberts Almond*, CC-2019-108 (Randolph County, Alabama, Circuit Court).[1] The Plaintiff's next court date in their criminal case is scheduled for April 16, 2019, the date scheduled for a plea docket.[2] Plaintiffs have also filed pretrial motions in the underlying criminal cases which must be resolved, including a motion to suppress evidence seized from their residence.[3] Defendants move this Court to stay the instant civil case pending an adjudication in the underlying and related criminal cases pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny.

Plaintiffs' underlying criminal charges stem from the search of their residence and the seizure of contraband during the course of that search. These criminal charges are directly related to and intertwined with their instant civil complaint. Thus, Defendants' defenses in the civil

---

[1] The Indictments charging each Plaintiff is confirmed by the State's electronic case file management system, Alacourt.
[2] *Id*.
[3] *Id*.

matter, especially qualified immunity defenses, would likely be impacted by the results of the underlying criminal case, including the result of any appeals.  Accordingly, the instant civil case should be stayed until after the state proceedings have been fully litigated.  *See, Heck*, *supra* at 489-90 ("Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a [42 U.S.C.] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.") (*internal citations omitted*); *see also, Wallace v. Kato*, 540 U.S. 384, 393-94 (2007) (it is within the power of the district court to stay a civil action where a plaintiff files a claim related to rulings that will likely be made in a pending or anticipated criminal trial until the criminal case or the likelihood of it has ended).

## **CONCLUSION**

For the aforementioned reasons, Defendants move this Court to stay proceedings until Plaintiffs' underlying criminal cases are resolved, including any appeal therefrom.  Once Plaintiff's underlying criminal charges are resolved, Defendants will file a Motion to Dismiss the instant complaint.[4]

---

[4] Upon conclusion of Plaintiffs' underlying criminal cases, Defendants in this case will file a motion to dismiss the civil complaint in this matter pursuant to Fed. R. Civ. P. 8, 12(b)(1), and 12(b)(6) because it is a "quintessential 'shotgun'" pleading and fails to state a claim upon which relief can be granted.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (Fed. R. Civ. P. 8 requires a short and plain statement of the claim in order to give a defendant fair notice of what the claim is and the grounds for it) (internal citations omitted); *see also, Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (complaint of the type filed in the instant case will likely require plaintiffs to replead their claims).  The instant complaint is replete with general and unsupported allegations.  For example, in the first of fourteen counts, Plaintiffs contend that "Randolph County, and the Randolph County Commission are entities created pursuant to the laws of the State of Alabama."  (Doc. 2, ¶ 42).  But nowhere in this count do Plaintiffs state what Randolph County or the Commission is alleged to have done or what constitutional provision they violated by their alleged conduct.  This is typical of the entire complaint.

Respectfully submitted, this the 3rd day of April, 2019.

                                               **s/Todd A. Brown**
                                               TODD A. BROWN (ASB-1901-064T)
                                               Attorney for Defendants
                                               WEBB & ELEY, P.C.
                                               7475 Halcyon Pointe Drive (36117)
                                               Post Office Box 240909
                                               Montgomery, Alabama  36124
                                               (334) 262-1850 – T
                                               (334) 262-1889 – F
                                               tbrown@webbeley.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this the 3rd day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John Michael Segrest
The Segrest Law Firm
P.O. Box 780791
Tallassee, AL 36078
Telephone: 334-252-0036
mike.segrest@segrestlaw.com

Heather Newsom Leonard
Heather Leonard, PC
2105 Devereaux Circle, Suite 111
Birmingham, AL 35243
Telephone: 205-977-5421
heather@heatherleonardpc.com

                                               **s/Todd A. Brown**
                                               OF COUNSEL