IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GREGORY JACK ALMOND and TERESA ROBERTS ALMOND, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO. 3:19-CV-175-WKW ) [WO] |
| RANDOLPH COUNTY, ALABAMA; THE RANDOLPH COUNTY COMMISSION; DAVID COFIELD; WILLIAM LANE; LARRY CLARK, Jr.; BERNARD SHEPPARD; RANDY MOORE; DONNIE STRAIN; KEVIN WALKER; GREG JOHNSON; JIMMY JOHNSON; JEAN DOT; JODY McDANIEL; and NATHANIEL MORROW, ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is a fourteen-count Amended Complaint filed by Plaintiffs Greg and Teresa Almond against fourteen Defendants. Unfortunately, the Amended Complaint is an impermissible shotgun pleading. Repleading is therefore required.

### I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1367. The parties do not contest personal jurisdiction or venue.

## II. BACKGROUND[1]

In January 2018, members of the Randolph County Narcotics Unit executed a search warrant on Greg and Teresa Almond's home. One or more agents kicked in the front door and tossed a "'shock' explosive device" into the home. (Doc. # 20, at 7.) That device blew up at Greg's feet, injuring him. Agents then arrested Greg and Teresa and searched their home. They allegedly found a small amount of marijuana (worth no more than fifty bucks) and a Lunesta sleeping pill "outside of the bottle in which it had been prescribed." (Doc. # 20, at 8.) Agents seized cash and other items from the home. (Doc. # 20, at 9–10.)[2]

Before this raid, neither Greg nor Teresa had ever been arrested. And none of the seized marijuana belonged to them. It belonged to their son, who confessed his guilt to the authorities. Even so, Greg and Teresa were indicted for misdemeanor drug offenses in early 2019. (Doc. # 20, at 8–10.) After their indictments, Greg and Teresa filed this suit against Randolph County, the Randolph County Commission, Sheriff David Cofield, and members of the Randolph County Narcotics Unit. In early April 2019, Greg and Teresa filed an Amended Complaint (Doc. # 20) "as a

---

[1] At this stage, the facts are those in the Amended Complaint. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347 (11th Cir. 2016). It remains to be seen whether all of them are true.

[2] The Amended Complaint alleges that Greg and Teresa were "directed to open" two safes. Those safes contained jewelry, more than eighty guns, other personal items, and about $8,000 in cash. (Doc. # 20, at 8.) But the Amended Complaint does not allege that agents seized items from the safes; it alleges only that agents seized unspecified "cash" and "personal property" from Greg and Teresa's home. (Doc. # 20, at 9–10.)

matter of course." Fed. R. Civ. P. 15(a)(1)(A).

Defendants soon moved to stay this case pending the outcome of Greg's and Teresa's criminal cases. (Docs. # 21, 37.) But in late April 2019, the state dismissed those criminal cases. (Docs. # 40-1, 40-2.) After that, Defendants moved to dismiss the Amended Complaint for failure to state a claim.[3] (Docs. # 47, 49, 50.)

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). So-called "shotgun pleadings" violate Rule 8 "by failing to one degree or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Id.* When faced with a shotgun pleading, a defendant should move for a more definite statement under Rule 12(e). *Weiland v.*

---

[3] Under Rule 12(b)(6), a claim must be dismissed if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The law "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If a claim is not plausible, it "does not unlock the doors of discovery." *Iqbal*, 556 U.S. at 678. A defendant may claim qualified immunity in a motion to dismiss. *See Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019); *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

*Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015); *see* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). A court may also order repleading on its own motion. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs[] failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*.").

## IV. DISCUSSION

Greg and Teresa's Amended Complaint is a shotgun pleading in three ways. First, each count adopts and realleges all preceding counts. Second, the allegations often are conclusory, vague, and potentially immaterial. And third, the Amended Complaint raises fourteen claims against fourteen Defendants, but it rarely specifies who is liable for what. As a result, repleading is required.

The most common type of shotgun pleading contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. The Amended Complaint does just that: The first paragraph of each count recites that "Plaintiffs incorporate by reference all prior paragraphs of this complaint as if set out here in full." (Doc. # 20, at 12–19.)

4

The result is "a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Trying to sift out the relevant allegations and conclusions would waste judicial resources. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 & n.10 (11th Cir. 2018) (outlining the harms caused by shotgun pleadings).

The Amended Complaint is also a shotgun pleading because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. It frequently alleges legal conclusions and leaves it up to the court to connect those statements to Greg and Teresa's claims. *See, e.g.*, *Celestine v. Capital One*, 741 F. App'x 712, 715 (11th Cir. 2018) (per curiam) (finding similar deficiencies made a complaint a shotgun pleading); *McCall v. Bank of Am., N.A.*, No. 16-cv-184, 2016 WL 5402748, at *2 (M.D. Ala. Sept. 26, 2016) (same). The Amended Complaint also includes what seem to be irrelevancies. For example, the Amended Complaint goes into detail about what was in Greg and Teresa's two safes, but it does not allege that Defendants seized those items. (Doc. # 20, at 8–10.) And though Greg and Teresa "allege that after making complaints to the Sheriff's Department, they and their family have been harassed by members of the department," they do not connect that cursory allegation to a legal claim. (Doc. # 20, at 10.) Nor do they provide any details about the alleged harassment.

A third category of shotgun pleading asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. The Amended Complaint makes this mistake, too. Consider three examples. First, Count Three has only this to say about the merits: "The actions of defendants[] constitute a violation of Plaintiffs' civil rights." (Doc. # 20, at 13–14.) That fails to specify how many of the fourteen Defendants are liable — or even how those Defendants are liable. Second, Count Five alleges that "Defendants' actions constitute a violation of Plaintiffs' civil rights in that the said actions constitute the use of excessive force." (Doc. # 20, at 15.) Again, it is unclear if Greg and Teresa bring this claim against all Defendants. Finally, Counts Eight, Nine, and Ten claim that unspecified "actions" "constitute malicious prosecution," "constitute slander," and "constitute outrage." (Doc. # 20, at 17.) Yet the Amended Complaint does not even use the word "Defendants" in those three counts, and it is anyone's guess who is liable.

## V. CONCLUSION

The court expresses no opinion about the merits of Greg and Teresa's claims. But for the reasons above, it is ORDERED that:

1. Plaintiffs' Amended Complaint (Doc. # 20) is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8(a)(2).

2. Plaintiffs are GRANTED until **September 7, 2019**, to file a Second Amended Complaint that complies with the pleading requirements and this Order. Failure to file a Second Amended Complaint by this deadline will result in dismissal of this action.

3. Defendants' motions to dismiss for failure to state a claim (Docs. # 47, 49, 50) are DENIED without prejudice. Defendants may move to dismiss Plaintiffs' Second Amended Complaint, if any.

4. Defendants' motions to withdraw their motions to stay (Docs. # 45, 46) are GRANTED.

5. Defendants' motions to stay (Doc. # 21, 37) and Plaintiffs' motion to deny those motions to stay (Doc. # 40) are DENIED as moot.

DONE this 16th day of August, 2019.

    /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE