IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GREGORY JACK ALMOND, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No: 3:19-cv-175-RAH-KFP |
| LARRY CLARK, JR., *et al.*, | ) |
| Defendants. | ) |

# **ORDER**

At the close of the Plaintiffs' case during the trial, the Court granted the Plaintiffs' Rule 50 directed verdict motion as it concerned liability on the Plaintiffs' Fourth Amendment illegal search claim against Defendant Kevin Walker. Given the rarity of such a ruling in a civil case, the Court writes to further explain its ruling.

According to the Federal Rules of Civil Procedure,

> (1) *In General*. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1)(A)–(B). During trial, Judge Amy Newsome testified that she never issued a telephonic warrant to Defendant Walker, or to the drug task force, on January 31, 2018, for a search of the Plaintiffs' home. She also testified that she did not tell Walker that he had a warrant. In addition, Defendant Walker testified

1

that Judge Newsome did not tell him that he had a telephonic search warrant, although she did tell him that he probably had enough for a warrant. (Trial Tr. at 194–97.) He also acknowledged that the requirements for a telephonic warrant were not satisfied, that he did not have a search warrant, and that it was a warrantless search. Given this undisputed testimony, even when considered in the light most favorable to Defendant Walker, the search of the Plaintiffs' home was without a warrant, even a defective one, and therefore violated the Fourth Amendment. No reasonable jury could have concluded otherwise as there was no question of fact on this issue.[1]

Defendant Walker's defense at trial was not to argue that there was a warrant at the time of the search, but instead to argue that he acted in good faith under the *Leon* good faith exception to the exclusionary rule. *See U.S. v. Lewis*, 262 F. Appx 950, 951-52 (11th Cir. 2008) (explaining the good faith exception under *Leon*). But the *Leon* good faith exception does not apply in the civil context. It is a creature of criminal law. And indeed, in arguing for application of the good faith exception, Defendant Walker did not point the Court to any cases in which the good faith exception to the exclusionary rule was allowed to protect a civil defendant in a § 1983 action; instead, Defendant Walker cited four criminal cases, *see United States v. Taylor*, 935 F.3d 1279 (11th Cir. 2019), *as corrected* (Sept. 4, 2019), *United States v. Moorehead*, 912 F.3d 963 (6th Cir. 2019), *United States v. Henderson*, 906 F.3d 1109 (9th Cir. 2018), *United States v. Ganzer*, 922 F.3d 579 (5th Cir. 2019), in which criminal defendants attempted to suppress evidence that was going to be used against them.

---

[1] The Defendants only called one witness during their case, Trooper Johnson. Trooper Johnson did not provide any testimony relevant to the issue of the existence or nonexistence of a warrant. As such, the Court would have ruled similarly after the defense presented its case.

But even if the good faith exception to the exclusionary rule can apply in the civil context, the good faith exception still would not apply in the circumstances of this case.  First, per Judge Newsome and Defendant Walker, *there was no warrant*, telephonic or written, and thus there was nothing upon which Walker could *rely* in good faith.  In other words, because Defendant Walker knew that he did not have a warrant at the time of the incident, the good faith exception does not apply.  And the cases Walker cites are inapplicable to the facts here: *Taylor*, *Moorehead*, *Henderson*, and *Ganzer* all involved situations where written warrants *were* issued, not situations where a warrant was never issued in the first place.  And secondly, as a matter of law, given the undisputed facts concerning the non-existence of a warrant, it was objectively unreasonable for an experienced law enforcement officer to believe that he could search an occupied home when no warrant existed, when no judge told him that he had a warrant, when he was merely told that he had enough for a warrant, and when none of the formalities or requirements associated with a telephonic or written warrant were followed.  *Lewis*, 262 F. Appx at 952 ("[W]hen officers engage in objectively reasonable law enforcement activity and have acted in good faith when obtaining a search warrant from a judge or magistrate, the *Leon* good faith exception applies." (alteration in original) (quotation omitted)).

Lastly, at trial, Defendant Walker conflated the good faith exception under *Leon* with the concept of good faith that exists in the context of a qualified immunity assertion.  *See Wallace v. Jackson*, 667 F. Supp. 2d 1267, 1272 (M.D. Ala. 2009) ("The doctrine of qualified immunity insulates a government agent from personal liability for money damages for actions taken in good faith pursuant to his discretionary authority.").  These are two different inquiries, although somewhat overlapping.  While the Court writes to the good faith exception under *Leon* here, the Court does not write to the application of good faith under a qualified immunity

assertion, which the Court anticipates will be put at issue by a renewed motion by Walker at a future point.

    **DONE** on this the 31st day of January, 2024.

                                      R. AUSTIN HUFFAKER, JR.
                                      UNITED STATES DISTRICT JUDGE